**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000358
28-JUL-2023
08:04 AM
Dkt. 57 SO**

NO. CAAP-22-0000358

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
WARREN BOSE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTC-22-600523)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Defendant-Appellant Warren Bose (**Bose**) appeals from the May 6, 2022 Judgment and Notice of Entry of Judgment (**Judgment**), entered by the District Court of the Second Circuit (**District Court**),[1] convicting him of Excessive Speeding, in violation of Hawaii Revised Statutes (**HRS**) § 291C-105(a)(1).[2]

Bose contends the District Court abused its discretion in holding that Plaintiff-Appellee State of Hawaiʻi (**State**) laid

---

[1]    The Honorable Blaine J. Kobayashi presided.

[2]    HRS § 291C-105(a)(1) (2020) provides, in relevant part:  "(a) No person shall drive a motor vehicle at a speed exceeding . . . [t]he applicable state or county speed limit by thirty miles per hour or more . . . ."

a sufficient foundation to introduce the speed reading because it failed to demonstrate that the citing officer met the manufacturer's training requirements to test and operate the speed-measuring device, and without the speed reading, no substantial evidence supported the conviction.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Bose's arguments as follows, and vacate and remand.

The trial court has discretion to determine whether a proper foundation is established, and we will not disturb such a determination absent an abuse of discretion. State v. Assaye, 121 Hawaiʻi 204, 210, 216 P.3d 1227, 1233 (2009). To lay the foundation to introduce a speed reading, the State must demonstrate that (1) that the accuracy of the device was tested according to procedures recommended by the manufacturer (**Testing Prong**), and that (2) "the nature and extent of an officer's training in the operation" of the device met "the requirements indicated by the manufacturer" (**Training Prong**). Id. at 213, 215, 216 P.3d at 1236, 1238 (footnote and citation omitted). To satisfy the Testing Prong, the State must establish the manufacturer's recommended procedures to verify the accuracy of the device and that the citing officer observed those procedures. State v. Gonzalez, 128 Hawaiʻi 314, 325, 288 P.3d 788, 799 (2012).

Here, Officer Noel Talaroc (**Officer Talaroc**) testified that, on January 6, 2022, he used his LTI 20/20 Truspeed Laser device (**Device**) to measure Bose's vehicle as traveling at 79 miles-per-hour in a 45 mile-per-hour zone. LTI is the Device's manufacturer, and LTI recommends five procedures to test the Device to ensure it is working properly: a visual inspection, a

self-test, a display test, a scope alignment test (**Alignment Test**), and a delta distance test; he further described all five tests. In describing the Alignment Test, he indicated that the operator uses the scope to aim the Device at a target, pulls the trigger, and listens for a tone, which would change depending on the distance to the target acquired. He was trained to use the Device by Officer Tim Hodgins, who was certified by LTI. Per Officer Talaroc's training, he must perform all the tests, every day, prior to using the Device for enforcement. He would determine that the Device is not working properly if any of the tests failed, which complies with LTI's recommendations to verify the accuracy of the Device. He successfully performed all the tests on January 6, 2022, the day of the citation.

This testimony is sufficient to establish that LTI's recommended procedures to verify the accuracy of the Device consist of performing five tests before using the device, and ensuring that the Device passes each test. See Gonzalez, 128 Hawaiʻi at 325, 288 P.3d at 799. Nonetheless, Bose contends, among other things, that Officer Talaroc's testimony regarding his "execution of the [Alignment Test] was suspect"[3] because when Officer Talaroc testified that he believed the Device's manual contained a recommended testing distance for the Alignment Test, he could not recall what it was.[4] Absent testimony of what the

---

[3] In response to Bose's claim that the officer's "execution of the tests was suspect," the State asserts that "[w]hat Bose is attacking is the officer's credibility." Bose's argument does not raise issues of credibility as the State contends, however, because it does not involve disputed issues of fact. See State v. Monteil, 134 Hawaiʻi 361, 368, 341 P.3d 567, 574 (2014) ("[I]t is for the trial judge as fact-finder to assess the credibility of witnesses and to resolve all questions of facts . . . .") (citation omitted). Rather, Bose's argument challenges whether proper foundation has been established in light of Officer Talaroc's testimony, which this court reviews for an abuse of discretion. Assaye, 121 Hawaiʻi at 210, 216 P.3d at 1233.

[4] The relevant testimony provides as follows:

purported recommended testing distance was for the Alignment Test, the State could not establish that Officer Talaroc satisfactorily tested the Device "according to procedures recommended by the manufacturer," as required by Assaye, 121 Hawaiʻi at 213, 216 P.3d at 1236, 1238.  Thus, the District Court abused its discretion in determining that the State satisfied the Testing Prong.  See id.

Because the State must satisfy both the Testing Prong *and* Training Prong to lay a proper foundation for the speed reading, the District Court erred in admitting Officer Talaroc's testimony of the speed reading.  Without that testimony, there was no evidence that Bose violated HRS § 291C-105(a)(1), and we need not reach Bose's remaining arguments.

Nonetheless, "if an appellate court determines that the evidence presented at trial was insufficient to support a conviction of a greater offense but sufficient to support a conviction of a lesser included offense, the court may remand for entry of judgment of conviction on the lesser included offense."  State v. Line, 121 Hawaiʻi 74, 90, 214 P.3d 613, 629 (2009) (internal quotation marks, brackets, and citation omitted).  To justify remand for entry of a judgment on a lesser

---

> [DEFENSE COUNSEL].  Okay.  Okay.  Do you remember what the manual's distance, um, should be for this scope alignment test?
>
> [OFFICER TALAROC].  Not off the top of my head, no.
>
> . . . .
>
> Q.  Okay.  And as far as you know, is it your testimony that the scope alignment test, there's no recommendation on there in your manual or you just don't remember it?
>
> A.  I just don't remember it.

4

included offense, it is not enough that the evidence is merely sufficient to support the lesser conviction; the erroneously admitted evidence must be harmless beyond a reasonable doubt with regard to the lesser conviction. State v. Bullard, 124 Hawaiʻi 270, 276, 241 P.3d 562, 568 (App. 2010).

At trial, Officer Talaroc testified that the posted speed limit was 45 miles per hour, and he observed Bose's vehicle traveling "a lot faster than 45 miles per hour[,]" and Bose testified on his own behalf that he "might have been" driving at 65 miles per hour and that the applicable speed limit was 45 miles per hour. When cross-examined as to whether he "stated earlier that [he] went 65 miles per hour[,]" Bose responded, "That's correct," and confirmed that he had looked at his speedometer. Such testimony constitutes sufficient evidence to support a judgment of the traffic infraction of Noncompliance with Speed Limit Prohibited, which is defined as follows:

> (a) A person violates this section if the person drives: (1) A motor vehicle **at a speed greater than the maximum speed limit** other than provided in section 291C-105 . . . where the maximum or minimum speed limit is established by county ordinance or by official signs placed by the director of transportation on highways under the director's jurisdiction.

HRS § 291C-102(a)(1) (2020) (emphasis added). Moreover, Bose's own admission that he drove or "might have" driven 65 miles per hour in a 45 mile per hour zone demonstrates no reasonable possibility that the erroneous admission of the speed reading could have affected a finding that Bose drove his vehicle in excess of the maximum 45 mile per hour speed limit.

We therefore vacate the Judgment and remand the case for entry of a judgment convicting Bose of exceeding the maximum speed limit, in violation of HRS § 291C-102(a)(1), and

sentencing.  See State v. Fitzwater, 122 Hawai'i 354, 378, 227 P.3d 520, 544 (2010); Bullard, 124 Hawai'i at 278, 241 P.3d at 570.

For the foregoing reasons, the May 6, 2022 Judgment and Notice of Entry of Judgment, entered by the District Court of the Second Circuit is vacated, and we remand for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawai'i, July 28, 2023.

On the briefs:

John F.H. Chow,
Deputy Public Defender
for Defendant-Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge